IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS HERRMANN,           ) | |
|                            ) | |
|        Petitioner,         ) | |
|                            ) | |
| v.                         ) | No.  04-30014 |
|                            ) | |
| UNITED STATES OF AMERICA,  ) | |
|                            ) | |
|        Respondent.         ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Dennis Herrmann's Motion To Reduce Sentence (d/e 54) an identical copy of which is also docketed as docket entry 55.  For the reasons stated below, the Court denies Defendant's Motion.

On April 1, 2005, Herrmann pled guilty to manufacturing a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 1) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2).  <u>Minute Entry dated April 1, 2005</u>.  On August 5, 2005, this Court sentenced him to 160 months on Count 1 and 60 months on Count 2, to be served consecutively, for a total

sentence of 220 months.  Minute Entry entered August 5, 2005.

Defendant now asks the Court to reduce his sentence under 18 U.S.C. § 3582 because he suffers from congestive heart failure.  Defendant asserts that, while he had a history of coronary artery disease before he became incarcerated, since imprisonment his condition has worsened.  According to Defendant, lack of adequate medical attention could shorten his life.  He argues that under Sections 5K2.0 and 5H1.4 of the United States Sentencing Guidelines, he is eligible for a downward departure.

Section 5K2.0(a)(2)(B) allows courts to depart "in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence."  Section 5H1.4 allows courts to depart for "extraordinary physical impairment . . . e.g., in the case of a seriously infirm defendant."  These two sections were last amended October 27, 2003; they have not been modified since Defendant's sentencing.  See U.S.S.G. Appendix C, Amendment 651.

Defendant cannot obtain a sentence reduction under Sections 5K2.0 and 5H1.4.  A court's ability to modify a term of imprisonment once it has been imposed is limited.  18 U.S.C. § 3582.  Under 18 U.S.C. § 3582, the

2

Court can modify a previously imposed sentence where "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." See 18 U.S.C. § 3582(c)(2). Defendant's sentencing range was not subsequently lowered by the Sentencing Commission. Even the departure provisions he identifies existed at the time of his sentencing hearing.

Additionally, 18 U.S.C. § 3582 allows the Court to modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons," but the Director has not made such a motion here. See 18 U.S.C. § 3582(c)(1)(A). Finally, under 18 U.S.C. § 3582, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." See 18 U.S.C. § 3582(c)(1)(B). Defendant identifies no statute permitting a reduction here (the Sentencing Guidelines are not statutory), and the Court can find none. Absent clerical error, Rule 35 permits a reduction in sentence only upon the Government's motion. Fed. R. Crim. P. 35(b). The Government has made no such motion here. Under 18 U.S.C. § 3582, no other options exist. The Court lacks authority to reduce Defendant's sentence.

3

THEREFORE, Defendant Dennis Herrmann's Motion To Reduce Sentence (d/e 54 & 55) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: June 10, 2008

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE